393 So.2d 301 (1980)
CITY OF PLAQUEMINE
v.
Honorable Richard MEDLEN.
No. 13602.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Patrick W. Pendley, Freeman & Pendley, Plaquemine, for plaintiff-appellant City of Plaquemine.
William C. Dupont, Dupont, Dupont & Dupont, Plaquemine, for defendant-appellee *302 Hon. Joseph B. Dupont, Sr. and Richard Medlen.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
The city of Plaquemine appeals a judgment sustaining appellee's peremptory exception raising the objection of no right of action and the objection of no cause of action. We affirm.
The facts of the case are somewhat complicated. Prior to 1972 the city of Plaquemine had a mayor's court. In 1972 special legislation was passed creating a city court. Act 456 of 1972 (La.R.S. 13:2488.61-63) abolished the mayor's court, created the city court and provided that a city court judge and marshal be elected in the congressional election of 1972. The legislation stated, "The City Court of Plaquemine is created and shall have territorial jurisdiction throughout the city of Plaquemine." Act 455 of 1972 reduced the terms of mayor and selectmen from four years to one year.
Shortly after the effective dates of these acts it was discovered that the terms of mayor and selectmen had been inadvertently reduced. Pursuant to La.R.S. 33:1181 the Plaquemine board of selectmen adopted ordinance No. 847 which reinstated the mayor's court and restored the mayor's and selectmen's terms to four years. The ordinance was properly published and approved by the attorney general and by the governor. Because of this ordinance there was no election for city court judge or marshal in 1972.
In 1973 the attorney general issued an opinion stating that because Plaquemine's population exceeded 5,000 people it was mandatory that a city court be established under La.R.S. 13:1872. In a separate opinion he stated that the people living in wards wholly or partially contained within the city limits of Plaquemine should be allowed to vote for city court judge and marshal. The city court was to have jurisdiction over the unincorporated areas of the wards as well as within the city limits, pursuant to La. R.S. 13:1872[1] and La.R.S. 13:1951.[2] The city of Plaquemine contains parts of wards 2, 3, 6 and 8 of Iberville Parish, also known as election districts B, C, E and F. Richard Medlen was elected marshal in an election held on December 18, 1975.[3] At issue in this case is the right of Mr. Medlen to hold his job as marshal.
Because of the apparent conflict between La.R.S. 13:2488.61 and La.R.S. 13:1872 and 13:1951, in 1979 the mayor and board of selectmen directed the city attorney to determine the boundaries and jurisdiction of the city court. The attorney filed suit, seeking a writ of mandamus to be issued, directing Richard Medlen to show by what authority he holds office.[4] Appellant contends *303 the jurisdiction of the city court does not extend beyond the city limits of Plaquemine. The record reflects both parties stipulated to the fact that Mr. Medlen lives outside the city limits, in ward 6, election district E. Under La.R.S. 13:1880 marshals are required to be residents of the territorial jurisdiction of the court.
Because we find appellant has failed to state a cause of action we need not address the issue of no right of action.
The writ of quo warranto is defined by La.Code Civ.P. art. 3901 which reads as follows:
"Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers."
The record supports appellee's contention that the petition does not state a cause of action because there is no allegation of usurpation. "Usurp" is defined by Webster's Seventh New Collegiate Dictionary (1971) as to take possession by use, to seize and hold in possession by force or without right, to seize or exercise authority or possession wrongfully. In a legal sense, a usurper is defined by La.R.S. 42:71 (the Intrusion Into Office Act) as follows:
"Any person who assumes or pretends to be a public officer without the authority of an election, or without the authority of a commission from the governor when a commission is required; or who has been duly addressed out of an office that he held ... or who has been removed from such an office by impeachment or recall, is a usurper."
Appellant's petition does not contain any reference to usurpation but merely states that appellee is holding office in violation of La.R.S. 13:1880 which requires the marshal to be a resident elector of the territorial jurisdiction of the court. In fact, appellant's petition simply states Mr. Medlen took oath of Marshal of the city court on December 28, 1978. There is no allegation he had not been duly elected and commissioned before taking the oath.
For the foregoing reasons we find appellant's petition has failed to state a cause of action. The record reflects the goal of this law suit is to determine the boundaries and jurisdiction of the city court of Plaquemine. The writ of quo warranto is narrow in scope and is to be given only a limited use. Foreman v. Hines, 314 So.2d 460 (La.App. 4th Cir. 1975). Its purpose is to prevent usurpation of office, not to determine the jurisdictional limits of a court.
We also find appellant has no right of action, or interest to institute this suit. The validity of this objection precludes us from remanding with an allowance of time to appellant for the purpose of amending its petition to state, if possible, a cause of action. La.Code Civ.P. art. 934.
It has been held a person, appearing alone and solely in the capacity of a citizen and not as a claimant to office, has no right to bring application for a writ of quo warranto to direct a public officer to show by what authority he holds office. Small v. Levy, 355 So.2d 643 (La.App. 4th Cir. 1978); writ refused, 361 So.2d 450. The City of Plaquemine as an entity cannot, in this regard, be distinguished from an individual. This is made clear by the interpretative reasoning found in Small as regards LSA-R.S. 42:76(1), 77 and La.Code Civ.P. art. 3901. The court, in Small, concludes:
"In its wisdom, the Legislature has granted the substantive right to test the right of a public officer to hold public office to the Attorney General, the District Attorney of the parish where the case arises, the Governor appearing in proper person or through the Attorney General or other counsel he may select or an individual who is claiming the office." (at p. 647)
*304 The judgment of the trial court is affirmed. Appellant is to pay all costs, subject to any statutory exemptions.
AFFIRMED.
WATKINS, J., concurs.
WATKINS, Judge, concurring.
We concur in the majority opinion's determination that the City of Plaquemine does not have a right of action. That being the case, we consider it unnecessary to pass upon the question of whether or not the exception of no cause of action should be sustained.
NOTES
[1] La.R.S. 13:1872 reads in part as follows:

"A. (1) In all wards where city courts exist and in wards containing cities of more than five thousand inhabitants, except in the city of Donaldsonville, the voters there of shall elect a city judge, upon whose election the offices of justice of the peace and constable in the ward or wards in which the city is contained shall be abolished ipso facto, except that in the parish of Terrebonne such offices shall not be abolished in a ward by reason of the election of a city judge in the ward if fifty percent or less of the population of the ward resides within the city limits, and in such case the justice of the peace court and the city court shall each have territorial jurisdiction throughout such ward, and any justice of the peace court heretofore operating in such a ward and the office of constable thereof are retained." (Emphasis added.)
[2] La.R.S. 13:1951 reads as follows:

"Municipal and city courts heretofore created and established pursuant to and under the authority of any constitutional or general statutory provision in effect prior to the effective date of this Section, are hereby recognized and continued in existence. Except as otherwise provided by law, their territorial jurisdiction shall extend through the city and ward or wards wherein the city of their domicile is located, as extended from time to time." (Emphasis added.)
[3] Medlen was re-elected in 1978 and is currently serving his six year term.
[4] Suit was also filed against Honorable Joseph Dupont, city court judge. The two cases were consolidated at the trial level. The appeal against Dupont was dismissed by this court because only the Louisiana Supreme Court has jurisdiction to remove a judge from office. City of Plaquemine v. Dupont, 388 So.2d 127 (La.App. 1st Cir. 1980).