WATKINS, Judge.
In October of 1991, then Governor Buddy Roemer, pursuant to LSA-R.S. 46:701 et seq. appointed seven at-large members to the Board of Louisiana Health Care Authority. Pursuant to LSA-R.S. 46:704(D), the appointments were subject to confirmation by the Louisiana Senate. However, no session of the Louisiana Senate convened prior to Governor Roemer’s leaving office and the beginning of the term of now Governor Edwin Edwards. Nor were the names submitted by Governor Edwards to the 1992 session of the Louisiana Senate.
On July 2, 1992, Samuel B. Nunez and Michael S. Baer, president and secretary, respectively, of the Louisiana State Senate filed suit against the seven Roemer appointees, namely: Donald R. Mintz, Melvin Murrill, Antoinette W. Simmons, Cynthia G. Montgomery, Julius R. McClaurin, Mickey S. Laborde, and Sidney J. Duplessis. The petitioners sought an injunction to restrain the defendants from appearing at the offices of the Louisiana Health Care Authority, from using the offices or employees of the Louisiana Health Care Authority, from binding the Louisiana Health Care Authority to any contracts, and from obligating the Louisiana Health Care Authority to any further expenses. As grounds for the injunction, plaintiffs alleged that by acting on behalf of the Louisiana Health Care Authority subsequent to the adjournment of the Louisiana Senate on June 22, 1992, the defendants were acting in contravention of law and were violating LSA-R.S. 42:71 (Usurpation of office) and LSA-R.S. 42:72 (Recognition of usurper).
The defendants filed an exception urging the objection of no right of action. The trial court considered the objections at a hearing on July 13, 1992, after which the trial court sustained the objection of no right of action and dismissed the plaintiffs’ suit. From this judgment plaintiffs appealed.
We find no error in the trial court’s interpretation of the statutory law, and we affirm. The statutes dealing with actions to challenge a right to office, LSA-R.S. 42:76 and LSA-R.S. 42:77, give an exclusive list of those who have a right of action to bring an intrusion-into-office action or writ of quo warranto: the attorney general, a district attorney, the governor, or someone who claims the office allegedly being intruded upon. Accord, City of Plaquemine v. Medlen, 393 So.2d 301 (La.App. 1st Cir.1980) and Regira v. Falsetta, 405 So.2d 850 (La.App. 1st Cir.1981), reversed in part, 405 So.2d 825 (La.1981), appeal dismissed, 455 U.S. 914, 102 S.Ct. 1267, 71 L.Ed.2d 454 (1982).
The appellants argue that the adverse ruling in the district court creates a hiatus in the law which undermines the Louisiana Senate’s right of confirmation. A long-range solution to the problem would be for the legislature to amend LSA-R.S. 42:76 and LSA-R.S. 42:77 to include the Louisiana Senate as a party with a right of action under the statute. However, it is not the *199 role of the courts to institute such a change.
Accordingly, we affirm the judgment of the trial court and cast appellants with costs of this appeal.
AFFIRMED.