_yPETTIGREW, J.
In this action for writ of quo warranto, an elected official contests a judgment decreeing that he holds his office without authority in violation of Article I, Section 10 of the Louisiana Constitution and prohibiting him from holding that office. For the following reasons, we reverse the trial court’s judgment and dismiss the petition for writ of quo warranto.
FACTS AND PROCEDURAL HISTORY
On May 17,1990, Charles Banta, III was convicted of six counts of felony theft. On June 18, 1990, he was sentenced to two years of imprisonment and a period of five years of supervised probation to commence upon his release from the custody of the Department of Public Safety and Corrections. Subsequently, he exhausted all legal remedies of appeal. On July 25, 1997, having fully served his sentence, Mr. Ban-ta received a first offender pardon in accordance with Article IV, Section 5(E)(1) of the Louisiana Constitution.
*1112 Subsequently, on October 23, 1999, Mr. Banta. was duly elected to the office of Councilman, Lafourche Parish Council, District No. 2. On January 12, 2000, he took his oath of office and received a commission from the governor. In November 2002, District Attorney Walter Naquin, Jr., on behalf of the Parish of Lafourche, filed a petition for writ of quo warranto, asserting Mr. Banta illegally held the office in violation of Article I, Section 10 of the Louisiana Constitution and seeking his removal. Following a hearing on the matter, the trial court rendered judgment on December 5, 2002, finding that Mr. Banta held the office of Councilman, Lafourche Parish Council, District No. 2, without authority and in violation of Louisiana Constitution Article I, Section 10 and prohibiting Mr. Banta from holding said office.
It is from this judgment that Mr. Banta has appealed. The main thrust of Mr. Banta’s argument on appeal is that the trial court erred in utilizing the quo war-ranto summary proceeding to effectively remove him from office. Mr. Banta also asserts that the trial court erred in its interpretation and application of Article I, Section 10 of the Louisiana Constitution, noting that the first offender pardon he received on July 25, |31997, has the same effect as a governor’s pardon. However, because we agree with Mr. Banta that the appropriate procedure to remove him from public office was not utilized, we need not reach the issue concerning the first offender pardon and pretermit same.
DISCUSSION
There are several different procedures that may be employed to remove individuals from public office. In the instant case, the State chose to file a petition for writ of quo warranto pursuant to La. Code Civ. P. art. 3901, which provides as follows:
Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.
The writ of quo warranto is narrow in scope and is to be given only a limited use. City of Plaquemine v. Medien, 393 So.2d 301, 303 (La.App. 1 Cir.1980). If the court finds that a person is holding an office without authority, the judgment shall forbid him to do so and may declare who is entitled to the office or may direct an election when necessary. La.Code Civ. P. art. 3902. If it is determined that a person holds office by virtue of a valid election, the inquiry ceases, and the writ should be dismissed. Morris Thomason, 28,238, p. 2 (La.App. 2 Cir. 4/8/96), 672 So.2d 433, 434, writ denied, 96-1383 (La.9/13/96), 679 So.2d 105.
Official Revision Comment b to Article 3901 provides as follows: “The provision referring to public office was incorporated on the theory that the Intrusion into Office Act, R.S. 42:76 et seq., does not give an individual the right to file suit except when he is claiming the office.” Pursuant to La. R.S. 42:76, an action to try the right to office is authorized as follows:
An action shall be brought in the name of the state in any of the following cases:
(1) When any person usurps, intrudes into, or unlawfully holds or exercises or attempts to remain in possession of any public office or franchise within this state.
Apparently, the use of the term “usurpation” under both statutes is interrelated. “Usurp” is defined by The New Oxford American Dictionary (2001) as to take a position |4of power or importance illegally or by force. In a legal sense, a usurper is defined by La. R.S. 42:71 (the Intrusion into Office Act) as follows:
*? Any person who assumes or pretends to be a public officer without the authority of an election, or without the authority of a commission from the governor when a commission is required; or who has been duly addressed out of an office that he held ... or who has been removed from such an office by impeachment or recall, is a usurper.
According to the record below, Mr. Ban-ta proved that he was duly elected by the citizens of Lafourche Parish, that he received a commission from the governor certifying same, and that he took his oath of office on January 12, 2000. Applying the above cited statutes concerning quo warranto proceedings and usurpation of office, it is clear that once Mr. Banta proved these elements, the quo warranto action was no longer viable against him and should have been dismissed. Mr. Banta was not a usurper as defined by La. R.S. 42:71.
The State further argued that pursuant to Article I, Section 10 of the Louisiana Constitution, Mr. Banta was disqualified from holding the position of Councilman, District No. 2. Article I, Section 10 of the Louisiana Constitution, as amended by 1997 La. Acts No. 1492, § l,[1] provides, in part:
(B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
Article I, Section 10 operates to prevent certain persons from either qualifying as a candidate for elective office or taking public office. It should be noted that at the time Mr. Banta qualified to run for Councilman, District No. 2, no individual or representative of the State filed any type of action to prevent him from qualifying. | .^Thereafter, Mr. Banta was duly elected as Councilman, District No. 2. On January 12, 2000, he received a commission from the governor certifying his election and took the oath of office. It was not until November 19, 2002, that the State, through the District Attorney’s Office, filed the instant action to remove Mr. Ban-ta from office. Thus, prior to any action being taken against him, Mr. Banta had qualified for the election and taken office as Councilman, District No. 2. Moreover, there is no evidence in the record to suggest that Mr. Banta fraudulently misrepresented himself when qualifying to run for office. His prior conviction was public record. According to the record, verification of his first offender pardon was provided to the Clerk of Court in August 1997. Accordingly, Article I, Section 10 is not applicable herein.
In filing the petition for writ of quo warranto, the State went beyond the initial question of by what authority Mr. Banta was holding his office. Rather, the State raised questions regarding his qualifications to run for office. Such issues are controlled by the statutes we commonly *1114 refer to as the “Louisiana Election Code,” in general designated as La. R.S. 18:1 et seq., and in particular, La. R.S. 18:1401 through 18:1413.
There are several other provisions that afford procedures for removing people from public office. Pursuant to La. R.S. 18:492, the grounds for an objection to the candidacy of a person qualifying for public office are set forth as follows:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
(1) The defendant failed to qualify for the primary election in the manner prescribed by law.
(2) The defendant failed to qualify for the primary election within the time prescribed by law.
(3) The defendant does not meet the qualifications for the office he seeks in the primary election.
(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.
| fiThere has been no such action filed objecting to Mr. Banta’s candidacy. Moreover, pursuant to La. R.S. 18:1405(A), the time to do so has long since expired.[2]
The Louisiana Constitution provides other methods by which individuals may be removed from public office. Article X, Section 24 provides for impeachment of a state or district official, whether elected or appointed, where during his term of office, the official either commits or is convicted of a felony or commits an act of malfeasance or gross misconduct while in such office. This particular provision does not apply to Mr. Banta as there is no such evidence in this case. Article X, Section 25 provides for removal by suit. However, this section refers to impeachment as grounds for removal by suit, which, as previously indicated, cannot be applied in the instant case. Another provision is set forth in Article X, Section 26, i.e., recall of a public official. The guidelines for recalling an elected official are provided in La. R.S. 18:1300.1 through 18:1300.17. There was no evidence introduced in this proceeding that a recall petition was filed. Therefore, this particular constitutional provision does not apply to Mr. Banta.
Based on our review of the record herein, it is clear that Mr. Banta was duly elected as Councilman, District No. 2. No one timely filed an opposition to Mr. Ban-ta’s qualifying for or taking public office. Nor has anyone filed the appropriate proceeding such as a recall petition to remove him from public office.
DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed. Further, judgment is hereby rendered dismissing the State’s petition for writ of quo warranto. Appeal costs in the amount of $1,053.45 are assessed against the State.
REVERSED AND RENDERED.
MCCLENDON, J., dissents and assigns reasons.

. The amendments to Article I, Section 10 were approved October 3, 1998, and became effective on November 5, 1998, which was prior to Mr. Banta's qualifying.

. Louisiana Revised Statutes 18:1405(A) provides as follows:
A. An action objecting to candidacy shall be instituted within seven days after the close of qualifications for candidates in the primary election. After the expiration of the time period set forth in this Section, no further action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in R.S. 18:492.