WALTER J. ROTHSCHILD, Judge.
 

 |3Plaintiffs, certain members of the board of directors of the On Leong Chinese Merchants Association, (“the Louisiana Association”), filed this Petition for Writ of Quo Warranto and Mandamus against defendants, who were other members of the Louisiana Association as well as certain members of the National On Leong Chinese Merchants Association (“the National Association”). In this petition, plaintiffs alleged they were improperly removed from their membership and elected positions in the Louisiana Association and replaced by defendants, and they sought reinstatement of then- positions within the Association as well as removal of defendants. Following a bench trial, the trial court ruled in favor of defendants, finding that plaintiffs had failed to exhaust all remedies available to them through the National Association’s By-laws. Plaintiffs now appeal on the basis that the trial court judgment dismissing their petition is in error. Finding no error in the trial court’s ruling in this matter, we affirm.
 

 \ ¿Facts and Procedural History
 

 The testimony and evidence submitted at trial reveals as follows:
 

 In September of 2006, plaintiffs Shun Chung, Michael Yee, Thomas Yee, Norman Lew, and Zi Ping Liang were members and/or directors of the On Leong Chinese Merchants Association, a non profit Louisiana corporation with its principal place of business in Jefferson Parish. At that time, Michael Yee held the office of president, Shun Chung was the English secretary, and Thomas Yee was “bon ban” (inspector) of the Association.
 

 On November 7, 2006, several members of the National Association met in New Orleans with plaintiff Thomas Yee and four unnamed members of the Louisiana Association. There is no dispute that no meeting was called this night for the membership or board of directors of the Louisiana Association. After this meeting, members of the National Association presented Thomas Yee with two letters addressed to Michael Yee and Shun Chung informing them that the regularly scheduled elections for the Louisiana Association were suspended “pending an investigation into the mismanagement malfeasance and breach of fiduciary duties of the current officers.” This letter was signed by Kin Ng, the president of the National Association.
 

 On November 8, 2006, the National Association sent a letter addressed to all members of the Louisiana Association informing them of the suspension of the Association’s officers in accordance with the Association’s by-laws. This letter was also signed by Kin Ng, and stated that Darryl E. Toy was appointed as English Secretary of “the New Orleans chapter” in accordance the National Association’s Bylaws.
 

 The record in this matter also contains a properly certified copy of the annual report of the Louisiana Association dated November 17, 2006 indicating 15changes in
 
 *793
 
 the officers of the corporation. Michael Yee’s name was deleted and replaced with Kit Wong as president and Shun Chung’s named was deleted and replaced with Darryl Toy as secretary. Further, the record contains a Resolution of the Board of Directors of the Louisiana Association dated March 12, 2007 wherein the participants ratified the suspensions of plaintiffs and the selection of their replacements.
 

 By letter dated May 1, 2007, the National Association summoned plaintiffs to appear at the Annual National Meeting on May 15, 2007 to be held in Boston Massachusetts. Plaintiffs were informed in this letter that they would be adjudicated and punished in accordance with certain sections of the National Association By-Laws citing specifically enumerated activities. The parties stipulated at trial that the ByLaws of the National Association were binding on the Louisiana Association.
 

 Based on their involvement in the present lawsuit and for various other reasons, plaintiffs did not attend this meeting. By letter dated May 16, 2007, plaintiffs Thomas Yee, Michael Yee and Shun Chung were informed that their membership in the National and Louisiana Associations were terminated for life. The record also contains a resolution from the Annual Meeting indicating that the remaining plaintiffs were indefinitely suspended from the National and Louisiana Associations. These suspensions and terminations were subsequently ratified by directors of the Louisiana Association on June 7, 2007 and by the full membership of the Louisiana Association on August 21, 2007.
 

 Discussion
 

 The proper procedure to contest title to an office in a private corporation is a writ of quo warranto, which is defined by La. C.C.P. art. 3901, et seq.:
 

 IfiArt. 3901. Definition
 

 Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.
 

 Art. 3902. Judgment
 

 When the court finds that a person is holding or claiming office without authority, the judgment shall forbid him to do so. It may declare who is entitled to the office and may direct an election when necessary.
 

 A writ of quo warranto or mandamus may be tried summarily. La. C.C.P. art. 3781. The writ of quo warranto is narrow in scope and is to be given only a limited use.
 
 State v. Banta,
 
 03-200 (La.App. 1 Cir. 2/23/04), 872 So.2d 1110, 1112.
 

 Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864. La. C.C.P. art. 3861. La. C.C.P. art. 3864 provides:
 

 A writ of mandamus may be directed to a corporation or an officer thereof to compel:
 

 (1) The holding of an election or the performance of other duties required by the corporate charter or bylaws or prescribed by law; or
 

 (2) The recognition of the rights of its members or shareholders.
 

 By this appeal, plaintiffs contend that the illicit takeover of the Louisiana Association and a suspension of the meetings, elections and officeholders in the Louisiana Association is in violation of Louisiana law on corporations. Plaintiffs argue that Louisiana nonprofit corporation law does not allow summary dismissal or termination of members, directors or officers, particularly by strangers to the corporation.
 

 
 *794
 
 17However, the record in this case indicates that the Louisiana Association was bound by the By-Laws of the National Association which specifically provide that rights and membership of a member shall not be repealed without first an adjudication by the National Presidents and then an adjudication by an Annual Convention and an Emergency Meeting. Further, the By-Laws contain a Code of Punishment for Officers which includes a provision for the calling of an emergency meeting for adjudication and punishment of members who are alleged to violate terms of the ByLaws.
 

 The record shows that plaintiffs were notified of the alleged violations and were also notified of the adjudication proceedings, but they chose not to attend or to present a defense to the allegations against them. Plaintiffs failed to avail themselves of the opportunity to appeal from the November 7, 2006 decision of the National Association to suspend the elections although such proceedings were provided for in the By-Laws. A review of the record before us fails to show that the National Association acted illegally or improperly in its actions against plaintiffs in this case. Rather, the record shows that the Associations’ By-Laws were followed and complied with, and plaintiffs have failed to show that there was any “illicit takeover” of the Louisiana Association by the national group. The Board of Directions and the members of the Louisiana Association both adopted resolutions ratifying the removal of plaintiffs from membership and their official duties in the organization.
 

 Accordingly, we find that defendants met their burden to prove that the ByLaws which are applicable to both the Louisiana Association and to the National Association were complied with and that defendants satisfied the court that the their actions are supported by the provisions of the By-Laws. We also agree with | sthe trial court that plaintiffs failed to avail themselves of the remedies provided for in the Association By-laws, and they thus have no judicial redress.
 

 For the reasons stated herein, the judgment of the trial court dismissing plaintiffs’ demands is hereby affirmed.
 

 AFFIRMED.