ROLAND L. BELSOME, Judge.
| ^Defendant-Appellant, Mack Marcel Cormier, requests review of the trial court’s denial of his exceptions of no right of action, no cause of action, nonjoinder of a necessary party and lack of procedural capacity and ultimate disqualification of candidacy for Justice of the Peace, Ward Four, Precinct One, in the Parish of Plaquemines. For the reasons that follow, we affirm.
FACTS
Appellant Mack Marcel Cormier qualified for the open office of Justice of the Peace in Ward Four, Precinct One, on September 8, 2011, and was the only candidate qualifying for the position. The district of Ward Four, Precinct One is in Pilottown, Louisiana and has only two registered voters, one of whom is the ward constable. Appellant has stipulated that he is not one of the two residents of Pilot-town, Louisiana.
On September 15, 2011, the Office of the District Attorney for Plaquemines Parish filed a “Petition To Disqualify Candidate Seeking Elective Office,” asserting that Appellant was not a resident of Ward Four, Precinct One. The District Attorney had received and filed written objections from four registered ^Plaquemines Parish voters who objected to Appellant’s candidacy: Davey L. Naquin, Jr., Herbert *545 G. Williams, Jr., Mary Jo Hebert and Mary Lou Everage.
On September 19, 2011, Appellant filed exceptions of no right of action, no cause of action, nonjoinder of a necessary party and lack of procedural capacity, as well as a “Motion to Strike Allegations of Paragraph IV of the Petition.” A hearing was held that same day, at which time the trial court denied his exceptions and allowed the District Attorney’s office to cure the defects in the petition.[1]
ASSIGNMENTS OF ERROR
Appellant alleges four assignments of error: (1) that the trial court erred in finding that the District Attorney’s office had standing and in denying his exceptions of no right and no cause of action; (2) that the petition was preempted for failure to name the Clerk of Court for the 25th Judicial District as a defendant; (3) that the trial court erred in denying his exception of lack of procedural capacity; and (4) that the District Attorney’s office failed to prove the necessary elements to challenge Appellant’s candidacy.
DISCUSSION
We find that the trial court properly denied Appellant’s exception of lack of procedural capacity and exception of no right of action. La. R.S. 18:491 provides the procedure by which registered voters may bring an action to challenge the candidacy of an individual who has qualified for elected office. The statute provides, in pertinent part:
|4A. A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.
B. A registered voter may present evidence that a candidate has illegally qualified for elective office. The evidence may be presented to the respective parish district attorney, who shall determine whether or not the evidence presented establishes grounds for objecting to such candidacy and if the district attorney makes such a determination he shall file an action objecting to candidacy within the time limitation provided in R.S. 18:493.
La. R.S. 18:491(A) and (B)(emphasis added).
Pursuant to the plain language of Section (A) of the statute, a registered voter may object to the candidacy of an individual who qualified as a candidate in an election for an office for which that registered voter was qualified to vote. A registered voter may bring an action objecting to candidacy, individually, and without first having to present evidence to the District Attorney’s office.
Pursuant to the plain language of Section (B), a registered voter — not necessarily a registered voter qualified to vote in the election for the office for which the objected-to candidate qualified — may present evidence to the District Attorney in the respective parish, who shall then make a determination and file an action objecting to candidacy if such grounds exist.
In this case, it is undisputed that four registered voters from Plaquemines Parish properly filed written complaints with the *546 Plaquemines Parish District Attorney’s office, and the District Attorney’s office filed an action objecting to Appellant’s candidacy. See La. R.S. 18:491(B). Accordingly, the elements of La. R.S. 18:491(B) were satisfied. Considering Appellant’s stipulation that he was not [sone of the two residents of Ward Four, Precinct One in Plaquemines Parish, he fails to qualify for the office pursuant to La. R.S. 13:2582.[2]
Additionally, we find that the trial court did not err in denying Appellant’s exception of nonjoinder and properly allowed amendment of the petition to add the Clerk of Court for the 25th JDC. See Scaglione v. Juneau, 2010-1734 (La.7/27/10), 40 So.3d 127.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
JONES, J., dissents with reasons.
BAGNERIS, J., respectfully dissents for the reasons assigned by Judge JONES.

. The District Attorney requested to amend the petition to change the citation of La. R.S. 18:495 to 18:491. The court granted the request. The District Attorney further requested to amend the petition to add the Clerk of Court, which was also granted by the trial court:
The court notes that the District Attorney’s office has amended their petition to add the Clerk of Court in this matter, which has cured the — any issues regarding your non-joinder. ...

. La. R.S. 13:2582 provides, in pertinent part:
A. (1) Each justice of the peace shall be of good moral character, a qualified elector, a resident of the ward and district from which elected, and able to read and write the English language correctly. Each person qualifying for the office of justice of the peace shall possess a high school diploma
or its equivalent as determined by the State Board of Elementary and Secondary Education by the date of qualification to run for office in the year 2008. Each shall possess such other qualifications as are provided by law.
La. R.S. 13:2582(A)(1).