*128
 
 PER CURIAM.
 
 *
 

 | |Writ granted. The district court’s ruling maintaining the peremptory exception of peremption is reversed, and the matter is remanded to the district court for further proceedings. The lower courts erred in finding that the objecting citizens were required to name in their petition within the time limitation period both the candidate and the Secretary of State in order to state a cause of action under La. R.S. 18:1401 and 18:1402. “A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant.”
 
 Ramey v. DeCaire,
 
 03-1299 (La.3/19/04), 869 So.2d 114, 118.
 
 See also
 
 La. R.S. 18:1406(B)(“The petition shall set forth in specific detail the facts upon which the objection or contest is based.”).
 

 Here, the plaintiffs timely filed their petition, and the pertinent peremptory objection for challenging their failure to name the Secretary of State, instead of the Clerk of Court for St. Bernard Parish, as the official before whom the candidate had qualified was a peremptory exception for nonjoinder of a party under La. C.C.P. art. |¾641.
 
 See
 
 La. C.C.P. art. 927(A). Furthermore, the district court should have permitted the plaintiffs the opportunity to amend and supplement their timely-filed petition to substitute the Secretary of State for the Clerk of Court.
 
 See
 
 La. C.C.P. arts. 646 and 934;
 
 see also
 
 La. R.S. 18:1406(B)(“The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.”).
 
 [1]
 

 Finally, the lower courts erred in relying on
 
 Naghi v. Brener,
 
 08-2527 (La.6/26/09), 17 So.3d 919, to find that any and all additional pleadings were perempted, because the facts of that case are distinguishable. Here, the plaintiffs initially set forth a viable claim in their original petition and the proposed addition or substitution of the Secretary of State does not involve a different or new cause of action.
 
 See
 
 La. C.C.P. art. 1153;
 
 see also Ray v. Alexandria Mall,
 
 434 So.2d 1083 (La.1983). The
 
 *129
 
 matter is remanded to the district court for further expedited proceedings not inconsistent with the ruling of this court.
 

 JOHNSON, J., would deny.
 

 VICTORY, J., concurs in the result.
 

 *
 

 Kimball, C.J., not participating in this opinion.
 

 [1]
 

 . According to the dissenting opinions below, the representative for the Secretary of State appeared at the hearing on the exceptions, where he testified that he had received a copy of the suit via facsimile from the Clerk of Court for St. Bernard Parish within the per-emptive period and that the Secretary of State typically would have no objection to lack of formal service.