HUGHES, J.
12This is an appeal from a judgment dismissing the plaintiffs’ legal malpractice suit against the defendant attorney and her insurer on the basis of peremption. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 4, 2008 Anita Stewart and Craig Stewart filed the instant suit under Louisiana’s Direct Action Statute, LSA-R.S. 22:1269 (formerly LSA-R.S. 22:655), against Continental Casualty Company (“Continental”), in its capacity as the legal malpractice insurer of Kathy D. Underwood.[1] Ms. Underwood was not made a party defendant to the suit until June 4, 2010.
In 2003 the Stewarts were involved in a personal bankruptcy proceeding in which they were advised by legal counsel to reaffirm a first mortgage, held by Union Planters Bank, N.A. (“Union Planters”), on their Zachary residence, but not to reaffirm a second mortgage, held by Bank One, N.A. (“Bank One”), ostensibly because there was insufficient equity in the home. The Stewarts were advised by counsel that the Bank One mortgage on their home would be discharged. The Stewarts’ bankruptcy proceeding was subsequently concluded.
In 2005 the Stewarts obtained refinancing of the Union Planters indebtedness through mortgage broker Dedicated Lending, Inc., obtaining refinancing with lender LIME Financial Services, Ltd. (“LIME”).[2] Kathy D. Underwood was the closing attorney on the new financing and performed the title examination on the Zachary property to be mortgaged. Ms. IsUnderwood’s title examination revealed that the Bank One mortgage remained on the public records. Nevertheless, Ms. Underwood advised the Stewarts that the Bank One mortgage was discharged in the bankruptcy proceeding and that, by means of a mandamus action, the Bank One mortgage could be cancelled from the public records. On the strength of this legal advice, the LIME loans to the Stewarts were closed on September 16, 2005, with the Stewarts granting two mortgages in LIME’s favor, intended to be first and second mortgages on their Zachary property.
Ms. Underwood agreed to represent the Stewarts in, and to file, a mandamus proceeding to have the Bank One mortgage cancelled from the public records, but apparently neglected to do so. Subsequently, Bank One assigned its mortgage on the Stewart property to S & A Capital Partners (“S & A”).
On March 13, 2007 S & A sent a demand letter seeking payment of the Bank One mortgage. The Stewarts contacted Ms. Underwood, who began negotiations with S & A, which ultimately proved to be unsuccessful. In October 2007 Ms. Underwood advised the Stewarts to obtain other legal counsel with respect to the S & A claim, as well as relative to any claim of legal malpractice against her. The Stew-arts maintain that Ms. Underwood acknowledged her malpractice and advanced *1049 funds to them to defray some related expenses.[3]
Meanwhile, S & A instituted a suit for executory process, resulting in seizure of the Stewart’s Zachary home, and when the instant suit was filed |4on March 4, 2008, the home was scheduled to be sold in a sheriffs sale on March 19, 2008.
In this suit, the Stewarts have asserted that Continental, as Ms. Underwood’s insurer, was liable to them for damages they suffered as a result of the legal malpractice she committed. In brief to this court, the Stewarts’ counsel stated that Ms. Underwood was not originally named as a defendant “[o]ut of professional courtesy.” Nevertheless, because of plaintiffs’ failure to include Ms. Underwood as a defendant, Continental urged, on May 5, 2010,[4] exceptions of no right of action and no cause of action, contending Louisiana’s Direct Action Statute did not authorize a direct action against the insurer without also suing the insured, under the facts and circumstances of the case.
On June 4, 2010 the plaintiffs amended their suit to add Ms. Underwood as a defendant. Thereafter, both Ms. Underwood and Continental filed separate exceptions pleading the objection of peremption, contending that the failure to timely include Ms. Underwood as a defendant led to the peremption of the action under LSA-R.S. 9:5605. Following an October 18, 2010 hearing, the trial court sustained the exceptions of both Ms. Underwood and Continental and dismissed the plaintiffs’ suit, with prejudice.[5]
In finding the Stewarts’ claims were perempted, the trial judge reasoned:
IsThe so-called Tort Reform of 1996, Governor Foster changed all of that. It’s now required that the insured be named in the suit. Ms. Underwood was not originally named.
As [Continental’s counsel] argues, legal malpractice, and some of the other professional malpractice statutes are pretty much [sui generis ], that is, a law unto themselves. They have different rules and different applications by the supreme court on a number of issues.
I have run into that many times during my time here on the bench in what seemed to be unusual or perhaps, sometimes even inappropriate decisions, based upon the wording in those statutes. That’s what the decision was and it was allowed to remain.
In this case, the supreme court has, to some extent, addressed this issue in ... [Naghi v. Brener, 2008-2527 (La.6/26/09), 17 So.3d 919,] ..., and that case very explicitly says there can be no interruption, there can be no suspension, there is nothing to relate back to an amended petition filed after the preemptive period attempts to name a new legal malpractice defendant, or — and [Plain *1050 tiffs’ counsel] makes a very spirited and very sound argument for various reasons why this should not apply.
But the fact is, I’m faced with a very explicit decision under Louisiana Supreme Court, at this point, I’m bound to follow. So the exception of peremption filed by Ms. Underwood is sustained.
With regard to Continental Casualty, there is no basis for liability where there is no action against the insured — this is a situation where there’s a bankruptcy or something else that somehow suspends the insured’s liability. If a claim is perempted, there is no claim against the insured at all.
So, since there is no claim against the insured, there can be no claim against the insurer, so the exception of peremption filed by Continental is also sustained.
The plaintiffs have appealed the trial court judgment, assigning as error the trial court’s finding of peremption.
LAW AND ANALYSIS
Where, as in this case, the facts are not disputed, the doctrine of manifest error does not apply to an appellate court’s review of a trial court decision. Rather, appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. See Cangelosi v. Allstate Insurance Company, 96-0159, p. 3 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375.
On appeal, the plaintiffs contend that their March 4, 2008 petition was timely filed against Continental, following their March 13, 2007 discovery of Ms. Underwood’s September 16, 2005 malpractice. Further, the plaintiffs maintain that the subsequent amendment of their suit on June 4, 2010, to add Ms. Underwood as a defendant, related back to the filing of the original petition, pursuant to LSA-C.C.P. arts. 1151 and 1153.[6]
The applicable period for filing an action based on legal malpractice is governed by LSA-R.S. 9:5605, which provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions *1051 must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil 17Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and per-emptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
(Emphasis added.)
The legal malpractice statute of limitations is strongly worded, expressly stating that the period is “peremptive” and “in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.” Therefore, there is no doubt that the legislature intended that three years after the “act, omission, or neglect,” the cause of action is extinguished, regardless of when the negligence is discovered and regardless of whether a malpractice action may be brought within that three-year period. The legislature was aware of the pitfalls in this statute but decided, within its prerogative, to put a three-year absolute limit on a person’s right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all. Thus, while a three-year peremptive period may not be particularly generous, it is not the court’s role to consider the policy or the wisdom of the legislature in adopting a statute. It is our province to determine only the applicability, legality, and constitutionality of the statute. |s5ee Reeder v. North, 97-0239, pp. 9-10 (La.10/21/97), 701 So.2d 1291, 1297.
Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (see LSA-C.C. art. 1762(1));[7] peremption, however, extinguishes or destroys the right (see LSA-C.C. art. 3458).[8] Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a per-emptive period. It may not be interrupted or suspended, nor is there provision for its renunciation. And exceptions such as contra non valentón are not applicable. As an inchoate right, prescription, on the oth *1052 er hand, may be renounced, interrupted, or suspended, and contra, non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. Reeder v. North, 701 So.2d at 1298.
Because the expiration of the peremp-tive time period destroys the cause of action itself and nothing may interfere with the running of a peremptive time period, the supreme court held in Naghi v. Brener [9] that the [ 9operation of LSA-C.C.P. art. 1153 likewise cannot interfere with the LSA-R.S. 9:5605 peremptive period. The Naghi court explained:
While the relation back of a pleading may not technically interrupt or suspend a prescriptive or peremptive period in the sense contemplated by Civil Code articles 3462-3472, there can be no escaping the fact that relation back interferes with the operation of the prescriptive or peremptive time period. in that it avoids its operation. As one commentator has stated, that is the “primary importance” of [LSA-]C.C.P. art. 1153. Because it is well established that “nothing may interfere with the running of a peremptive period,” ... and avoiding the peremptive period certainly interferes with the running of that period, relation back of an amended or supplemental pleading adding a plaintiff is not allowed to avoid the running of a peremptive period such as that found in La. R.S. 9:5605. Further, the relation back theory assumes that there is a legally viable claim to which the pleading can relate back. Prescription only prevents the enforcement of a right by legal action, it does not terminate the natural obligation. Peremption, however, destroys the cause of action itself. Because the cause of action no longer exists after the termination of the per-emptive period and any right to assert the claim is destroyed, there is nothing to which an amended or supplemental pleading filed after the peremptive period has expired can relate back. Therefore, because the Naghi’s original petition, filed within the peremptive period, *1053 was brought by a party with no right of action to sue, the First Supplemental/Amending Petition filed after the peremptive party brought on behalf of the proper party plaintiff cannot relate back to the original timely filed petition.
Naghi v. Brener, 2008-2527 at pp. 10-11, 17 So.3d at 925-26 (citations omitted).
In Naghi v. Brener the plaintiffs who timely filed the legal malpractice action were corporate shareholders, who did not have the right to sue on the claim asserted, and by the time the corporation, who did have |10the right to sue, was substituted, the LSA-R.S. 9:5605 time periods had expired. We recognize the circumstances presented in the instant case differ from those presented in Naghi v. Brener, in that the capacity of the plaintiffs was not at issue here, rather, it was the failure of the Stewarts to join the allegedly negligent attorney as a defendant, along with her insurer, until after the LSA-R.S. 9:5605 time periods ran, that is the issue in this case. Nevertheless, we conclude that the precepts announced in Naghi v. Brener and the earlier jurisprudence should be equally applicable under the facts and circumstances of this case.[10]
Allowing the application of LSA-C.C.P. art 1153 to the instant case would avoid the operation of the peremptive time period by allowing a pleading filed after the expiration of the period to relate back to the filing of an original and timely filed petition. Because the avoidance of the time period interferes with the running of that time period, relation back of a petition adding a new defendant is not permitted where the time period involved is peremp-tive. Further, because the expiration of a peremptive time period destroys the cause of action, there is nothing for an amended or supplemental petition to relate back to under LSA-C.C.P. art. 1153. Because the plaintiffs in this case did not file suit against their former attorney before the peremptive time period of LSA-R.S. 9:5605 expired, the plaintiffs’ ^amending petition attempting to do so cannot relate back to the original petition under LSA-C.C.P. art. 1153. Therefore, Ms. Underwood’s exception of peremption was correctly granted. See Naghi v. Brener, 2008-2527, p. 11 (La.6/26/09), 17 So.3d 919, 926.[11] Thus, we conclude the suit against Ms. Underwood was properly dismissed.
We also affirm the dismissal of Continental, albeit on a different basis, to *1054 the extent the trial court concluded the action against Continental had perempted. The plaintiffs’ suit against Continental was filed within the time period allowed by LSA-R.S. 9:5605, as it was filed within one year (on March 4, 2008) of the plaintiffs’ March 13, 2007 discovery of Ms. Underwood’s alleged September 16, 2005 malpractice; therefore, it was not perempted. However, the Direct Action Statute, LSA-R.S. 22:1269,[12] provided no basis for suit against Continental alone. Therefore, the plaintiffs failed to state a cause of action as to Continental, and the plaintiffs’ suit against it was properly dismissed.[13]
| ^CONCLUSION
For the reasons assigned herein, the judgment of the trial court dismissing the suit of Anita Stewart and Craig Stewart, as to Continental Casualty Company and Kathy D. Underwood is affirmed. All costs of this appeal are to be borne by Anita Stewart and Craig Stewart.
AFFIRMED.

. The facts in this case are not in dispute and are recited herein as set forth in the trial court pleadings.

. The refinancing package from LIME included a $122,400.00 loan, secured by what the parties believed would be a first mortgage, and a $30,600.90 loan, secured by a “second" mortgage on the home.

. We note that while prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe, pursuant to LSA-C.C. art. 3464, peremption may not be interrupted, as stated in LSA-C.C. art. 3461.

. After the March 4, 2008 filing of this suit. Continental sought an extension of time to answer the suit, on March 31, 2008, and was granted an additional fifteen days to file pleadings. The record presented on appeal does not show any pleadings were filed between March 31, 2008 and May 5, 2010.

.Plaintiffs' counsel’s forbearance in not naming Ms. Underwood as a defendant in the original petition, out of professional courtesy, and the defendants’ subsequent use of the consequences of that choice to obtain the dismissal of the action, illustrates the maxim: "No good deed goes unpunished.” (Attributed by Bartlett's Familiar Quotations (16th ed.1992), variously to banker Andrew W. Mellon, writer Clare Boothe Luce, and/or financier John P. Grier.)

. Article 1151 provides in pertinent part: "A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.” Article 1153 provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back, to the date of filing the original pleading.”

. Article 1762 provides, in pertinent part: "Examples of circumstances giving rise to a natural obligation are: (1) When a civil obligation has been extinguished by prescription. ...”

. Article 3458 provides: "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the per-emptive period.”

. The supreme court recited the facts of the Naghi case as follows:
Plaintiffs, Benny and Ephraim Naghi, were represented by Lisa Brener in connection with a claim for damages which arose on October 26, 2005 when their property was damaged by fire. According to the plaintiffs, Ms. Brener failed to pursue the claim timely, resulting in prescription of their claim on October 26, 2006. On December 7, 2006, the plaintiffs filed the instant legal malpractice suit against Lisa Brener and her professional law corporation. The named plaintiffs were Benny and Ephraim Naghi. In response, Ms. Brener filed a partial exception of no right of action and motion for summary judgment, asserting that the property was actually owned by Mohtaram, Inc., and not by the Naghis personally, and that therefore, the Naghis had no right of action for damage to the property. The Naghis are directors and shareholders of Mohtaram, Inc. The trial court granted the' exception and allowed plaintiffs ten days to amend their petition. On March 12, 2008, plaintiffs filed a "First Supplemental/Amending Petition,” to "add and designate proper party plaintiff, Moh-taram, Inc.” Ms. Brener then filed an "Exception of No Cause of Action, Exception of Prescription, Exception of Peremption, Exception of No Right of Action and Motion for Summary Judgment,” essentially arguing that the claims asserted in the First Supplemental/Amending Petition were per-empted under La. R.S. 9:5605.
Naghi v. Brener, 2008-2527 at pp. 1-2, 17 So.3d at 920 (footnotes omitted). The trial court in Naghi held that the amended petition adding Mohtaram as a plaintiff related back to the original petition under La. C.C.P. art. 1153. Naghi v. Brener, 2008-2527 at p. 3, 17 So.3d at 921.

. The supreme court made no distinction between an attempt to have the addition of a plaintiff or a defendant relate back to the original petition under LSA-C.C.P. art. 1153, when it stated:
Although this article speaks only to the relation back of an “action or defense,” this Court has applied this article to allow the relation back of pleadings adding a defendant, Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083 (1983), or adding a plaintiff, Giroir [v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040 (La.1985)], supra, if certain conditions are satisfied. Plaintiffs assert that the amended petition meets the requirements set forth in Giroir, and that, therefore, it should be allowed to relate back to the original timely filed petition. Plaintiffs argue that relation back under this article does not interrupt or suspend the peremptive time period, it merely applies the date of the original petition to the amended petition. We disagree.
Naghi v. Brener, 2008-2527 at pp. 7-8, 17 So.3d at 924.

. We find the plaintiffs’ argument, that Scaglione v. Juneau, 2010-1734 (La.7/27/10), 40 So.3d 127, requires a different result, unpersuasive, as Scaglione dealt with an election case, not a legal malpractice action. Moreover, the governing statute in Scaglione, LSA-R.S. 18:1406, specifically authorized a trial court to "allow the filing of amended pleadings for good cause shown and in the interest of justice.” See LSA-R.S. 18:1406(B).

. The Direct Action Statute allows an action to be brought against the insurer, alone, only when at least one of the following applies:
(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
(b) The insured is insolvent.
(c) Service of citation or other process cannot be made on the insured.
(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
(e) When the insurer is an uninsured motorist carrier.
(f) The insured is deceased.
See LSA-R.S. 22:1269(B)(1).

. An appellate court may notice the failure of the petition to disclose a cause of action. LSA-C.C.P. art. 927(B).