# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

LIBERTY PERSONAL INSURANCE
COMPANY

VERSUS

GARY WAYNE PERKINS, TOP QUALITY
BUILDERS, LLC, SHANE COURVILLE,
JAMES KOINER, CLASSIC ROOFING &
CONSTRUCTION, LLC AND ABC
INSURANCE COMPANY, INC.

CONSOLIDATED WITH

MICHAEL PHELPS, II AND REGINA
PHELPS

VERSUS

**AUGUST 29, 2022**

TOP QUALITY BUILDERS, LLC AND
XYZ INSURANCE COMPANY

---

In Re:   HSR Construction LLC, applying for supervisory writs,
         21st Judicial District Court, Parish of Livingston,
         Nos. 155179 c/w 165196.

---

**BEFORE:   McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

**WRIT GRANTED.** The trial court's January 18, 2022 Judgment denying the exception raising the objection of peremption is reversed. No action shall be brought against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables more than five years after the improvement has been occupied by the owner. La. R.S. 9:2772(A)(1)(b). It is undisputed that plaintiffs occupied the home by, at the latest, February 28, 2015. Accordingly, the applicable peremptive period expired on February 28, 2020.

The undisputed facts establish that Liberty Personal Insurance Company's second amended petition naming HSR Construction, LLC as a defendant was filed on March 11, 2020, after the expiration of the applicable peremptive period. See La. R.S. 9:2772(A)(1)(a)-(c). Because this petition does not relate back, it is perempted. See **Stewart v. Continental Casualty Co., Inc.,** 2011-0505 (La. App. 1st Cir. 11/9/11), 79 So.3d 1047, 1053, writ denied, 2011-2721 (La. 2/7/12), 82 So.3d 285 ("Because the avoidance of the time period interferes with the running of that time period, relation back of a petition adding a new defendant is not permitted where the time period involved is peremptive. Further, because the expiration of a peremptive time period destroys the cause of action, there is nothing for an amended or supplemental petition to relate back to under LSA-C.C.P. art. 1153."); see also **Naghi v. Brener,** 2008-2527 (La. 6/26/09), 17 So.3d 919; and **Shields v. Alvin R. Savoie & Associates, Inc.,** 2017-0602 (La. App. 1st Cir. 11/1/17), 233 So.3d 694.

As to the cross claim filed on July 2, 2020 by Top Quality Builders, LLC and Gary Wayne Perkins against HSR Construction, LLC, in response to Liberty Personal Insurance Company's March 11, 2020 second amended petition, that claim was filed after the February 28, 2020 expiration of the five-year peremptive period. See La. R.S. 9:2772(A)(1)(a)-(c). Moreover, because Liberty Personal Insurance Company's second amended petition was not filed within 90 days of the expiration of the peremptive period, the exception set forth in La. R.S. 9:2772(A)(1)(c) does not apply and the cross claim against HSR Construction, LLC is perempted.

As to the June 1, 2020 third-party demand filed by Top Quality Builders, LLC and Gary Wayne Perkins against HSR Construction, LLC in response to the petition filed by Michael Phelps, II and Regina Phelps, that claim was filed after the February 28, 2020 expiration of the five-year peremptive period. See La. R.S. 9:2772(A)(1)(a)-(c). The petition filed by Michael Phelps, II and Regina Phelps was filed on November 8, 2019, prior to the start of the 90-day exception period, and the exception set forth in La. R.S. 9:2772(A)(1)(c) does not apply. Accordingly, the third-party demand against HSR Construction, LLC is perempted.

The exception raising the objection of peremption filed by HSR Construction, LLC against Liberty Personal Insurance Company, and against Top Quality Builders, LLC and Gary Wayne Perkins's cross-claim and third-party demand is granted. Therefore, the claims asserted against HSR Construction, LLC are dismissed with prejudice.

**JMM**
**PMc**
**GH**

COURT OF APPEAL, FIRST CIRCUIT

_a.Sv0_
_____
DEPUTY CLERK OF COURT
FOR THE COURT